# EXHIBIT "A"

🖶 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2021CV355724**

OCT 15, 2021 05:59 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KEVIN WASSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NUMBER |
| | ) |
| ARCPE HOLDING, LLC, SERVIS | ) |
| ONE, INC. *d/b/a* BSI FINANCIAL | ) |
| SERVICES, and John Does 1-3, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT FOR DAMAGES**

**COMES NOW**, Kevin Wasson, Plaintiff in the above-styled action, and files this, his Complaint for Damages against the Defendants ARCPE Holding, LLC ("ARCPE"), Servis One, Inc. *d/b/a* BSI Financial Services ("BSI"), and John Does 1-3, showing the Court as follows:

**Parties, Jurisdiction, and Venue**

1. Kevin Wasson is an individual owning real property in Georgia located at 2851 Summit Parkway, Atlanta, Fulton County, Georgia 30331 (the "Property").

2. ARCPE is a limited liability company organized under the laws of the State of Florida and may be served with Summons and Process via its Registered Agent, John Olsen, at 1900 Sunset Harbour Drive, Annex Building – 2nd Floor, Miami Beach, Florida 33139.

3. ARCPE transacts business in the State of Georgia, generally, and specifically transacted business with Mr. Wasson in the State of Georgia insofar as it is the Assignee of that certain Security Deed securing a loan on the Property.

4. ARCPE committed a tortious injury in the State of Georgia, as detailed below, which was caused by said Defendant's actions or inactions outside this State.

5. ARCPE claims to have a security interest in the Property, which is situated within the State of Georgia.

6. BSI is a corporation incorporated under the laws of the State of Delaware which transacts business in the State of Georgia. BSI may be served with Summons and Process via its Registered Agent, Incorp Services, Inc., at 9040 Roswell Road, Suite 500, Atlanta, Fulton County, Georgia 30350.

7. Jurisdiction and venue are proper.

8. John Does 1 – 3 are persons or entities who, upon information and belief, aided and abetted Defendants in their tortious conduct described herein, but whose identities are not yet known.

## Factual Background

9. Kevin Wasson purchased the Property on November 29, 2006.

10. To secure a loan for the purchase, Mr. Wasson executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") on the day he purchased the Property.

11. On September 5, 2013, MERS assigned its security interest in the Property to Asset Management Holdings, LLC, which in turn transferred its security interest on January 11, 2019, to 19 Asset Management Holdings, LLC.

12. On February 8, 2019, 19 Asset Management Holdings, LLC purportedly assigned its interest in the Property to ARCPE.

13. Upon information and belief, BSI acted as ARCPE's loan servicer for the Property.

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACT

14. Mr. Wasson reasserts and realleges the foregoing Paragraphs as if expressly set forth below.

15. On May 25, 2021, Mr. Wasson entered into a Purchase and Sale Agreement to sell the above-referenced property.

16. As part of the closing process, the closing attorney had to contact all mortgagees on the Property to obtain the exact payoff amount.

17. Just four days prior to the binding agreement date, Mr. Wasson contacted BSI to request a direct line of communication with ARCPE.

18. Christopher Carman with BSI responded that same day that "You will communicate with BSI going forward if you have any questions or issues with your account and not communicate with ARCPE."

19. Mr. Wasson complied and instructed the closing attorney accordingly.

20. The closing attorney repeatedly reached out to BSI to obtain payoff information for ARCPE's loan, yet BSI never provided the payoff amount.

21. Instead of providing the loan payoff information, BSI told the closing attorney that i) the payoff amount had been sent via email, ii) the payoff amount had been faxed, iii) no documents could be provided to the closing attorney, and iv) the request for payoff amount was rejected because "it was not hand written by the customer."

22. As a result of BSI's failure to provide the necessary payoff information, the sale was never able to close.

23. Because the sale was unable to close, the purchaser terminated the Purchase and Sale Agreement and walked away, resulting in a several-hundred-thousand-dollar loss to Mr. Wasson.

24. At all times relevant, BSI acted as the agent of ARCPE and within the scope of its agency relationship.

25. BSI expressly told Mr. Wasson that it was the direct source of contact regarding his loan and forbade him from speaking with anyone with ARCPE.

26. Then, BSI's active refusal to provide the required information to close the sale resulted in the purchaser terminating the contract.

27. As BSI's principal, ARCPE is liable for the wrongful actions of its agent because those actions were carried out within the scope of the agency relationship. *See Stewart v. Storch*, 274 Ga. App. 242 (2005).

28. ARCPE's actions *vis a vis* its agent amounts to tortious interference with contractual relations. *See Meadow Springs, LLC v. IH Riverdale, LLC*, 323 Ga. App. 478 (2013).

29. As a direct result of ARCPE and its agent BSI's conduct, the purchasers terminated the Purchase and Sale Agreement and Mr. Wasson lost out on the proceeds of the sale and was financially injured in the amount of the contract price of $282,000.00.

## COUNT II

## NEGLIGENCE

30. Mr. Wasson reasserts and realleges the foregoing Paragraphs as if expressly set forth below.

31. ARCPE and BSI owed a duty to Mr. Wasson to exercise due care in holding and servicing the mortgage for the Property.

32. A reasonable, prudent, loan holder and servicer would provide the payoff amount for a loan when contacted by a closing attorney requesting this information.

33. A closing attorney requested BSI to provide the loan payoff information for Mr. Wasson's mortgage on the Property.

34. Yet, BSI failed to provide the loan payoff information.

35. As a direct and proximate result of BSI's failure to provide the loan payoff information to the closing attorney, the purchaser for the Property terminated the contract.

36. At all times relevant hereto, BSI was the agent of ARCPE.

37. ARCPE is jointly liable with its agent, BSI, for BSI's negligence in an amount to be proven at trial.

## COUNT III

## BREACH OF CONTRACT

38. Mr. Wasson reasserts and realleges the foregoing paragraphs as if expressly set forth herein.

39. On December 12, 2018, ARCPE sent a letter to Mr. Wasson offering to settle the $43,937.00 loan for a lump sum payment of $20,000.00.

40. Five days later on December 17, 2018, Mr. Wasson accepted ARCPE's offer.

41. To further memorialize the acceptance, Mr. Wasson hired an attorney who prepared a Release Agreement, which Mr. Wasson signed and forwarded to Barry Brecher with ARCPE.

42. Upon receiving the fully executed Agreement from ARCPE, Mr. Wasson was prepared to remit payment of the $20,000 to fully satisfy the loan – all in accordance with ARCPE's offer. This fact was memorialized in the Release Agreement.

43. Upon receipt of the partially executed Release Agreement, and after a binding contract was formed, Mr. Brecher replied via email that "we are not releasing your debt with out cleared funds in our office."

44. According to ARCPE's offer letter however, Mr. Wasson had until December 27 to remit funds – a full 10 additional days.

45. Mr. Wasson advised ARCPE of his intent to remit payment.

46. Yet, ARCPE subsequently refused to accept the payment by failing to execute the Release Agreement.

47. ARCPE's refusal to accept $20,000 as full satisfaction of the debt amounts to a breach of contract.

## COUNT IV

## ATTORNEYS' FEES AND EXPENSES OF LITIGATION

48. Mr. Wasson reasserts and realleges the foregoing Paragraphs as if expressly set forth below.

49. Defendants have acted in bad faith, been stubbornly litigious, and caused unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11.

50. Defendants are jointly and severally liable to Mr. Wasson for his attorneys' fees and expenses of litigation in an amount to be proven at trial.

**WHEREFORE**, Mr. Wasson respectfully requests the Court grant the following relief:

a) That Summons and Process issue as required by law;

b) That Defendants be found jointly and severally liable for tortious interference with contractual relations, as set forth in Count I;

c) That Defendants be found jointly and severally liable for negligence, as set forth in Count II;

d) That ARCPE be found liable for breach of contract, as set forth in Count III;

e) That Defendants be found jointly and severally liable for attorneys' fees and expenses of litigation, as set forth in Count IV; and

f) For such further relief the Court deems just and proper.

This 15th day of October, 2021.

                                                **KING, YAKLIN & WIKLINS, LLP**

                                                /s/ Collin D. Hatcher
                                                Collin D. Hatcher
                                                Georgia Bar No: 926248
                                                *Attorney for Plaintiff*

192 Anderson Street
Suite 125
Marietta, Georgia 30060
(770) 424-9235 (telephone)
(770) 424-9239 (facsimile)
chatcher@kingyaklin.com

**General Civil and Domestic Relations Case Filing Information Form**

☑ Superior or ☐ State Court of __Fulton__ County

▦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA
**2021CV355724**
OCT 15, 2021 05:59 PM

*Cathelene Robinson*
Cathelene Robinson, Clerk
Fulton County Superior Court

| For Clerk Use Only | | |
|---|---|---|
| Date Filed __10-15-2021__ MM-DD-YYYY | Case Number __2021CV355724__ | |

**Plaintiff(s)**

__Wasson, Kevin__
Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

Last   First   Middle I.   Suffix   Prefix

**Defendant(s)**

__ARCPE HOLDING, LLC__
Last   First   Middle I.   Suffix   Prefix

__SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES__
Last   First   Middle I.   Suffix   Prefix

__Doe, John 1__
Last   First   Middle I.   Suffix   Prefix

__Doe, John 2__
Last   First   Middle I.   Suffix   Prefix

**Plaintiff's Attorney** __Hatcher, Collin__   **Bar Number** __926248__   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number   Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2021CV355724**

NOV 09, 2021 12:30 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KEVIN WASSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NUMBER |
| | ) 2021CV355724 |
| ARCPE HOLDING, LLC, SERVIS ONE, INC. *d/b/a* BSI FINANCIAL SERVICES, and John Does 1-3, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF PROOF OF SERVICE OF DEFENDANT

**COMES NOW**, Kevin Wasson, Plaintiff in the above styled action, and hereby gives notice to the Court that the Defendant ARCPE Holding, LLC was served with a copy of the Summons and Complaint for Damages via the Miami-Dade Police Department. A true and correct copy of said Return of Service is attached hereto as Plaintiff's Exhibit "A."

This 9th day of November, 2021.

**KING, YAKLIN & WIKLINS, LLP**
*Attorney for Plaintiff*

/s/ Collin D. Hatcher
Collin D. Hatcher
Georgia Bar No: 926248

192 Anderson Street
Suite 125
Marietta, Georgia 30060
(770) 424-9235 (telephone)
(770) 424-9239 (facsimile)
chatcher@kingyaklin.com

Page **1** of **1**



# Miami-Dade Police Department
## Court Services Section
**Alfredo Ramirez, III**
*Director / Metropolitan Sheriff*



KEVIN WASSON vs. ARCPE HOLDING, LLC

**Case Number**
2021CV355724

## RETURN OF SERVICE
### SUMMONS - CIVIL

| | | | |
|---|---|---|---|
| 10/28/21  9:58 am  Served - Corporate Service | SERVED | | ARCPE HOLDING, LLC |

10/22/2021   Came this day into hand of the Sheriff

10/28/2021   09:58 AM - SERVED THE SUMMONS UPON ARCPE HOLDING, LLC AT 1900 SUNSET HARBOUR DR, ANNEX BLDG 2ND FLOOR, MIAMI BEACH, FL 33139 BY DELIVERING A COPY TO BARRY BRECHER, BUSINESS AGENT, IN ACCORDANCE WITH F.S. 48.081 AND F.S. 48.091. SERVICE AFFECTED BY: OFFICER DAYSI MONTENEGRO #60016, DEPUTY SHERIFF OF MIAMI-DADE COUNTY, FL.\N\N

DAYSI MONTENEGRO, OFFICER, #60016

KING, YAKLIN & WILKINS, LLP.
192 ANDERSON STREET
MARIETTA, GA 30060

1631

Page 1 of 1

1038410160

**Plaintiff's Exhibit "A"**

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FULTON COUNTY, GEORGIA

**2021CV355724**

OCT 15, 2021 05:59 PM

Cathelene Robinson, Clerk
Fulton County Superior Court

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

| | |
|---|---|
| Wasson, Kevin | Case No.: 2021CV355724 |
| **Plaintiff,** | |
| vs. | |
| ARCPE HOLDING, LLC | |
| SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES | |
| **Defendant** | |

SERVED
DATE 10/28/21
TIME 9:58 AM
SHERIFF OF DADE COUNTY
DADE COUNTY FLORIDA

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://peachcourt.com/ (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

> Collin Hatcher
> KING, YAKLIN & WILKINS, LLP
> 192 Anderson Street
> Marietta, Georgia 30060

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ____15th___ day of ____October___, 20 _21_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court

_____
Cathelene Robinson, Clerk
Fulton County Superior Court

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 ____

Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

RECEIVED
MIAMI-DADE POLICE
2021 OCT 22 AM 10: 42
COURT SERVICES SECTION