IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN WASSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NUMBER |
| ) | 1:21-cv-04805 |
| ARCPE HOLDING, LLC, SERVIS ) | |
| ONE, INC. and John Does 1-3, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MOTION FOR LEAVE TO AMEND COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

**COMES NOW,** Kevin Wasson, Plaintiff in the above-styled action, and files this, its Motion for Leave to Amend Complaint and Memorandum of Law in Support pursuant to Fed. R. Civ. P. 15(a)(2), showing the Court as follows:

### PROCEDURAL BACKGROUND

1. On November 23, 2021, Defendants filed their Motion to Dismiss.

2. On January 7, 2022, Plaintiff Kevin Wasson (hereinafter "Mr. Wasson") filed his Response to Defendants' Motion to Dismiss and in the Alternative Motion for Leave to Amend Complaint, contemporaneously with his Memorandum of Law in Opposition to Defendants' Motion to Dismiss and in Support of His Motion for Leave to Amend Complaint.

1

3. On January 20, 2022, Defendants filed their Reply to Plaintiff's Response to Their Motion to Dismiss, in which Defendants assert that Mr. Wasson cannot request leave to amend in a response brief.

4. While Mr. Wasson disagrees that his prior Motion for Leave to Amend was improperly pled, in an abundance of caution, Mr. Wasson submits the present separate Motion for Leave to Amend Complaint.

## MEMORANDUM OF LAW AND ARGUMENT

5. The "Court should freely give leave when justice so requires." *Id.* The 11th Circuit has long held that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). The only circumstances under which the District Court should not allow an amendment are if 1) a plaintiff has shown "undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed," 2) where the defendant would suffer "undue prejudice," or 3) where the "amendment would be futile." *Id.* None of these factors exist here.

6. For the sake of judicial economy and expediency, Mr. Wasson asserts that additional details concerning i) Defendants' tortious conduct and the reasons

behind their failure to provide the loan payoff amount, ii) the factual background behind the acceptance of $20,000 to satisfy the debt, and iii) the basis for Defendants' independent duty to provide the payoff information to the closing attorney, are better suited for analysis in discovery followed by dispositive motions for summary judgment.  Defendants are clearly on notice of Mr. Wasson's claims.  However, if the Court is so inclined, Mr. Wasson is prepared to supplement his pleading to include as much information as he currently has available relating to these issues.  In such event, Mr. Wasson requests the Court grant him leave to file an Amended Complaint further elaborating upon his claims against Defendants.

7. Additionally, by not providing the loan payoff amount, ARCPE Holding, LLC (hereinafter "ARCPE") essentially is prohibiting Mr. Wasson from obtaining funding to pay off the loan early.  At the very least, this conflicts with the essence of the mortgage documents and is indicative of ARCPE's failure to perform its contractual obligations in good faith.

8. Therefore, to the extent ARCPE is subject to an implied duty imposed by the relevant loan documents to allow Mr. Wasson to pay off his loan early, Mr. Wasson shows that this would give rise to a breach of contract claim in addition to, or possibly in lieu of, his negligence claim.

9. Accordingly, Mr. Wasson should also be allowed to amend his Complaint to plead an additional breach of contract claim in the alternative to, or in lieu of, his negligence claim.

**WHEREFORE,** in light of the foregoing arguments and citation of authority, Mr. Wasson respectfully requests the Court grant him leave to file an Amended Complaint in accordance with Fed. R. Civ. P. 15.

This 21st day of January, 2022.

                                          **KING, YAKLIN & WIKLINS, LLP**

                                          /s/ Collin D. Hatcher
                                          Collin D. Hatcher
                                          Georgia Bar No: 926248
                                          *Attorney for Plaintiff*

192 Anderson Street
Suite 125
Marietta, Georgia 30060
(770) 424-9235 (telephone)
(770) 424-9239 (facsimile)
chatcher@kingyaklin.com

## FONT CERTIFICATION

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 21st day of January, 2022.

              **KING, YAKLIN & WIKLINS, LLP**

              <u>/s/ Collin D. Hatcher</u>
              Collin D. Hatcher
              Georgia Bar No: 926248
              *Attorney for Plaintiff*

192 Anderson Street
Suite 125
Marietta, Georgia 30060
(770) 424-9235 (telephone)
(770) 424-9239 (facsimile)
chatcher@kingyaklin.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day filed the within and foregoing via CM/ECF, which will electronically serve notice on all parties.

This 21st day of January, 2022.

                                          **KING, YAKLIN & WIKLINS, LLP**

                                          /s/ Collin D. Hatcher
                                          Collin D. Hatcher
                                          Georgia Bar No: 926248
                                          *Attorney for Plaintiff*

192 Anderson Street
Suite 125
Marietta, Georgia 30060
(770) 424-9235 (telephone)
(770) 424-9239 (facsimile)
chatcher@kingyaklin.com