IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN WASSON, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER |
| v. | 1:20-CV-04805-TWT |
| ARCPE HOLDING, LLC, SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES, and JOHN DOES 1-3, | |
| Defendants. | |

**DEFENDANTS ARCPE HOLDING, LLC and SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES'S ANSWER AND DEFENSES TO COMPLAINT**

COMES NOW, ARCPE Holding, LLC ("ARCPE") and Servis One, Inc. d/b/a BSI Financial Services ("BSI")(hereinafter, collectively, "Defendants"), through its undersigned counsel, and hereby files their Answer and Defenses (hereinafter, "Answer") to the Plaintiff's, KEVIN WASSON (hereinafter, "Mr. Wasson" or

"Plaintiff"), Complaint (hereinafter, "Complaint")[1]. In support of this Answer, Defendants respectfully shows the Court as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief against Defendants can be granted.

## SECOND DEFENSE

The relief sought by Plaintiff is barred as Defendants complied with all applicable laws and terms of Plaintiff's loan.

## THIRD DEFENSE

Plaintiff has suffered no actual damages as Defendants complied with Plaintiff's request for a payoff of the subject loan, delivering the same via fax as requested by Plaintiff.

## FOURTH DEFENSE

Plaintiff's alleged damages, if any, stem from Plaintiff's own inactions, actions, and/or fraudulent conduct as Plaintiff entered into a contract for the sale of

---

[1] On October 15, 2021, Kevin Wasson (the "Plaintiff") filed his Complaint against Defendants in the Superior Court of Fulton County, Georgia. This case is styled as *Wasson v. ARCPE Holding, LLC et al*. and was assigned Case No. 2021CV355724 (the "State Court Action"). On February 17, 2022, Plaintiff filed his Amended Complaint.

the Property at issue at a sub-par price insufficient to satisfy the encumbrances on the Property.

## FIFTH DEFENSE

Without waiving any of its defenses, and in accordance therewith, Defendants hereby answers the numbered allegations in the Complaint as follows:

## PARTIES, JURISDICTION, and VENUE

### 1.

Defendants admit the allegations in Paragraph 1 of the Complaint.

### 2.

Defendants admit the allegations in Paragraph 2 of the Complaint.

### 3.

Defendants admit the allegations in Paragraph 3 of the Complaint to the extent that Defendants are the assignees of Security Deed and conduct business in the State of Georgia. As to all other allegations in Paragraph 3 of Plaintiff's Complaint, Defendants deny.

### 4.

Defendants deny the allegations in Paragraph 4 of the Complaint.

5.

Defendants admit the allegations in Paragraph 5 of the Complaint to the extent that they have a security interest in the Property at issue. To the extent that Plaintiff alleges that Defendants do not have a first priority security interest in the Property, Defendants deny.

6.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint. By way of further answer, Paragraph 6 of Plaintiff's Complaint contains an admission which speaks for itself.

7.

Defendants admit the allegations in Paragraph 7 of the Complaint.

8.

Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint to the extent that Defendants engaged in any wrongdoings, including tortious interference. As to all remaining allegations, Defendants are without sufficient information to admit or deny.

## **FACTUAL BACKGROUND**

9.

Defendants are without sufficient information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants are without sufficient information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint. By way of further answer, Defendant ARCPE currently holds a first priority security interest in the Property.

11.

Defendants are without sufficient information to admit or deny the allegations in Paragraph 11 of Plaintiff's Complaint. By way of further answer, Defendant ARCPE currently holds a first priority security interest in the Property.

12.

Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants admit that BSI was the agent of ARCPE. The remaining allegations contained in Paragraph 13 of Plaintiff's Complaint contain conclusory statements to which no answer is required.

## COUNT I: TORTIOUS INTERFERENCE WITH CONTRACT

14.

Defendants reallege and incorporate by reference the foregoing paragraphs as if fully restated herein.

15.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

16.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

17.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

18.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

19.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

20.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

21.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

22.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

23.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

24.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

25.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

26.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

27.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

28.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

29.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

30.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

31.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

32.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

33.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

34.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

35.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

36.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

37.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

38.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

39.

On October 11, 2022, Count I of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

## COUNT II: BREACH OF CONTRACT
### (Prepayment Penalty Option Rider)
### (In the Alternative to Count III)

### 40.

Defendants reallege and incorporate by reference the foregoing paragraphs as if fully restated herein.

### 41.

Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint. By way of further answer, Plaintiff's Exhibit "B" speaks for itself.

### 42.

Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint. By way of further answer, Plaintiff's Exhibit "B" speaks for itself.

### 43.

Defendant ARCPE admits the allegations contained in Paragraph 43 to the extent that Plaintiff alleges that ARCPE is the assignee of the Security Deed on the Property at issue whom holds a first priority security interest in the Property. To the

extent the remaining allegations contain legal conclusions, no response is required. As to any remaining allegations, Defendants deny.

44.

Paragraph 44 of Plaintiff's Complaint contains conclusory statements to which no response is required. By way of further answer, Plaintiff's Exhibit "B" speaks for itself.

45.

Paragraph 45 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations as stated.

46.

Paragraph 46 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations as stated.

47.

Paragraph 47 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Defendants deny the allegations as stated.

48.

Defendant ARCPE denies the allegations contained in Paragraph 48 of Plaintiff's Complaint as stated. By way of further answer, the Purchase and Sale Agreement, and purchase price listed therein, was insufficient to satisfy Plaintiff's debts.

49.

Defendant BSI denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50

Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.

Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.

Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.

Paragraph 53 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

54.

Paragraph 54 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## COUNT III: VIOLATION OF O.C.G.A. § 7-6A-3
## (In the alternative to Count II)

55.

Defendants reallege and incorporate by reference the foregoing paragraphs as if fully restated herein.

56.

On October 11, 2022, Count III of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

57.

On October 11, 2022, Count III of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

58.

On October 11, 2022, Count III of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

59.

On October 11, 2022, Count III of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

60.

On October 11, 2022, Count III of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

## **COUNT IV: BREACH OF CONTRACT**

61.

Defendants reallege and incorporate by reference the foregoing paragraphs as if fully restated herein.

62.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

63.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

64.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

65.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

66.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

67.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

68.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

69.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

70.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

71.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

72.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

73.

On October 11, 2022, Count IV of Plaintiff's Complaint was dismissed by the Court. As such no response is required.

## COUNT V: ATTORNEY'S FEES AND EXPENSES OF LITIGATION

### 74.

Defendants reallege and incorporate by reference the foregoing paragraphs as if fully restated herein.

### 75.

Paragraph 75 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

### 76.

Paragraph 76 of Plaintiff's Complaint contain a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny.

### 77.

Defendants deny the Plaintiff is entitled to the relief sought in the WHEREFORE paragraph of the Complaint, including subparts.

### 78.

Freedom denies any and all allegations in the Complaint not otherwise specifically admitted herein.

WHEREFORE, Defendants respectfully requests that the Court:

(a) Grant Defendants judgment in its favor as to each and every remaining claim and count in the Complaint; and

(b) Deny the Plaintiff all relief sought in the Complaint against Defendants; and

(c) Award Defendants its costs incurred in connection with this proceeding, including, but not limited to attorney's fees; and

(d) Grant Defendants such additional relief as the Court deems just and appropriate.

Respectfully submitted, this 25th day of October, 2022.

McLain & Merritt, PC

By: */s/ Tania R. Tuttle*
Tania R. Tuttle
Georgia Bar No. 720348
Sarah C. Monico
Georgia Bar No. 582691
Brett M. Ledermeier
Georgia Bar No. 600906
Counsel for Defendants
11625 Rainwater Drive, Ste. 125
Alpharetta, Georgia 30009
Phone: (770) 200-7000
ttuttle@mmatllaw.com
smonico@mmatllaw.com
bledermeier@mmatllaw.com

19

## <u>FONT CERTIFICATION</u>

The undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 25th day of October 2022.

By:    <u>*/s/ Brett Michaels-Schiff Ledermeier*</u>
                  Brett M. Ledermeier
                  Georgia Bar No. 600906

11625 Rainwater Drive, Ste. 125
Alpharetta, Georgia 30009
Phone: (770) 200-7000
ttuttle@mmatllaw.com
smonico@mmatllaw.com
bledermeier@mmatllaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 25th day of October 2022, filed the within and foregoing via CM/ECF, which will electronically serve notice on all parties.

By:     */s/ Brett Michaels-Schiff Ledermeier*
        Brett M. Ledermeier
        Georgia Bar No. 600906

11625 Rainwater Drive, Ste. 125
Alpharetta, Georgia 30009
Phone: (770) 200-7000
ttuttle@mmatllaw.com
smonico@mmatllaw.com
bledermeier@mmatllaw.com